**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-4 T
(Filed: August 26, 2013)

**FILED**

AUG 26 2013

**U.S. COURT OF
FEDERAL CLAIMS**

```
*************************************
JIBRIL LUGMAN IBRAHIM,              *
                                    *
            Plaintiff,              *
                                    *
                                    *    Illegal Exaction; Tax Refund Claim; 31
v.                                  *    U.S.C. § 3720A(c); Tax Refund Offset;
                                    *    Student Loan Debt; pro se.
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

Jibril Lugman Ibrahim, Washington, DC, pro se.

Paul G. Galindo, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Plaintiff Jibril Lugman Ibrahim initiated this action seeking a refund of taxes from the Internal Revenue Service ("IRS") for the 2011 tax period. Plaintiff seeks to recover a $5,022 refund he claimed on his initial Form 1040, U.S. Individual Income Tax Return, or, alternatively, a $4,861 refund he claimed on his amended Form 1040. The case is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant argues plaintiff has not satisfied the requirement of full payment of taxes to invoke this court's jurisdiction over a tax refund claim. For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss.

## I. BACKGROUND

In March 2012, plaintiff, through a tax preparer, filed a Form 1040 for the 2011 tax year. Compl. ¶ 3. Defendant attached as an exhibit to its motion to dismiss a copy of the Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340") that details the IRS's record of plaintiff's 2011 tax return. Mot., Ex. A. The dates listed on the Form 4340, however, appear not to match the likely order of events. See id. The Form 4340 shows that plaintiff claimed $0 of tax liability for the 2011 tax year. See id. It also shows that plaintiff was entitled to a refund of $5,022, including $928 in withheld taxes, $1,000 for an unspecified refundable credit, and $3,094 for an earned income credit. See id.

The IRS initially allowed plaintiff a refund of $1,928 resulting from his tax withholdings and unspecified refundable credit. See id. Plaintiff alleges that in July 2012, the IRS notified him that he was not eligible to receive the earned income credit and requested that plaintiff file an amended Form 1040. Compl. ¶ 5. Plaintiff claims that he then filed the amended form through a tax preparer and requested a tax refund of $4,861.[1] Id. Then, on April 2, 2012, the IRS apparently approved a $1,928 refund to plaintiff. See Mot., Ex. A.

Instead of paying the $1,928 refund to plaintiff, the IRS transferred the amount to the United States Department of Education ("ED"). See id. The United States Department of Treasury ("Treasury") Offset Program allows the Treasury to transfer a taxpayer's refund to another federal agency to pay a taxpayer's past due debt. 26 U.S.C. § 6402(d) (2012) (describing how the Treasury collects debts owed to other federal agencies); 31 U.S.C. § 3720A (2006) (explaining when the Treasury will reduce a taxpayer's refund by the amount of a debt owed to another federal agency).

The Treasury offset plaintiff's tax refund to repay part of a $2,500 loan that Grant K. Anderson received in 1984 under the Federal Family Education Loan Program. See Compl. ¶¶ 6, 13. Plaintiff's social security number appears on the promissory note, but the borrower listed on the note is Grant K. Anderson. See id. ¶ 8. Plaintiff claims that he is not Grant K. Anderson, and thus the ED unlawfully offset plaintiff's tax refund to pay the student loan debt. Id. ¶¶ 13-15. To explain the discrepancy between the use of plaintiff's social security number and the use of another name, plaintiff suggests that someone stole his identity to obtain the loan. Id. ¶ 14. Plaintiff claims that he proved that he is not Grant K. Anderson in 2010 when he sent the IRS his original birth certificate, driver's license, and name change form from 1989.[2] Id.

Following a later review of plaintiff's 2011 tax return, which appears to have occurred on April 15, 2012, the IRS reversed its allowance of the unspecified refundable credit to plaintiff and assessed an additional tax of $533 with interest of $38.44. See Mot., Ex. A. The IRS took this action after it had already transferred these amounts as an offset to the ED. See id. The reversal and additional tax, combined with the prior offset, resulted in plaintiff owing $1,571.44. Plaintiff's 2011 tax withholdings, however, were nearly $400 more than the IRS ultimately determined he owed. See id. Because plaintiff has not paid the outstanding amount, defendant moved to dismiss plaintiff's complaint, arguing that this court only has jurisdiction over tax refund claims when the plaintiff has fully paid the disputed taxes.

## II. DISCUSSION

The court liberally construes the pleadings of a pro se plaintiff, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and reviews a pro se complaint, "however inartfully pleaded," with "less

---

[1] On the Form 4340, there is no record of plaintiff filing an amended Form 1040 seeking a tax refund of $4,861. See Mot., Ex. A. It is unclear how plaintiff arrived at a claimed refund of $4,861 if his claim for the $3,094 earned income credit was reduced from the refund of $5,022 that plaintiff sought on his original Form 1040.

[2] Neither party states whether plaintiff changed his name from Grant K. Anderson to Jibril Lugman Ibrahim or any other details about Grant K. Anderson.

stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted). Nonetheless, the plaintiff bears the burden of establishing subject matter jurisdiction. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998).

Plaintiff invokes this court's jurisdiction under the Tucker Act, which confers jurisdiction "upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department." 28 U.S.C. § 1491 (2012). While the Tucker Act waives sovereign immunity, it does not alone provide the court with jurisdiction over a claim. Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1305-06 (Fed. Cir. 2008). Rather, a plaintiff must also identify "'a separate source of substantive law that creates the right to money damages.'" Id. at 1306 (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)). Plaintiff's tax refund claim falls under 28 U.S.C. § 1346(a) (2012), which mandates the payment of money in federal tax refund actions. Daniels v. United States, 77 Fed. Cl. 251, 254 (2007). Under 28 U.S.C. § 1346(a)(1), the court has jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."

Defendant argues, however, that the court does not have jurisdiction over this tax refund claim. A plaintiff cannot invoke this court's jurisdiction over a tax refund claim until the plaintiff has fully paid the taxes for the disputed period. See Ledford v. United States, 297 F.3d, 1378, 1382 (Fed. Cir. 2002). Because plaintiff owes the IRS an unpaid balance, this court lacks jurisdiction over plaintiff's claim for a tax refund.

Nevertheless, by liberally construing plaintiff's complaint, the court does possess jurisdiction over plaintiff's claim against the ED for illegal exaction of his tax refund by the means of an offset. While "[t]he prototypical illegal exaction claim is 'a tax refund suit alleging that taxes have been improperly collected or withheld by the government,'" Kipple v. United States, 102 Fed. Cl. 773, 777 (2012) (quoting Norman v. United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005)), a plaintiff may allege an illegal exaction claim that is not a tax refund. Section 6402(g) of Title 26 of the United States Code states that "[n]o action brought against the United States to recover the amount of any such reduction [of a tax refund by an offset] shall be considered to be a suit for a refund of tax." Plaintiff's illegal exaction claim based on the offset is therefore not a suit for a refund his taxes. Thus, plaintiff did not need to have previously fully paid his taxes for the disputed period in order to challenge the defendant's offset.

Because the full payment rule does not apply to plaintiff's illegal exaction claim, the court has jurisdiction over plaintiff's suit to recover the amount of the offset as long as the complaint states an illegal exaction claim for the tax refund offset. Generally, an illegal exaction claim arises when the government improperly receives or exacts money from an individual. See Norman, 429 F.3d at 1095. "[A] plaintiff claiming jurisdiction based on an illegal exaction must demonstrate that 1) the exaction was directly caused by a misapplication of a statute, and 2) the remedy implicit in the statute is the return of the funds." Pennoni v. United States, 79 Fed. Cl. 552, 561 (2007). This court has construed pro se complaints that seek to recover tax refunds unlawfully offset as claims for illegal exactions of tax refund offsets rather than tax refund claims. See Wagstaff v. United States, 105 Fed. Cl. 99 (2012) (construing a pro se plaintiff's claim to recover the amount of her tax refund used for a tax refund offset as an illegal exaction

claim and finding that the United States Court of Federal Claims has jurisdiction to hear such a claim); Kipple, 102 Fed. Cl. 773 (holding that the court would construe a pro se plaintiff's claim to recover the amount of a tax refund unlawfully offset as an illegal exaction claim, over which the United States Court of Federal Claims has jurisdiction).

Plaintiff's complaint, read similarly, meets the requirements for a claim of illegal exaction based on a tax refund offset against the ED.[3] First, plaintiff alleges the ED misapplied the statute authorizing tax refund offsets. That statute, 31 U.S.C. § 3720A(c), provides that when a federal agency learns that an individual "owes to such agency a past due legally enforceable debt, the Secretary of Treasury shall determine whether any amounts, as refunds of Federal taxes paid, are payable to such person," and if the Secretary finds some refunds are available, "he shall reduce such refunds by an amount equal to the amount of such debt." Plaintiff claims the government wrongly determined that plaintiff owes a "past due legally enforceable debt" because plaintiff suggests another individual used plaintiff's information to obtain the federal student loan under the name of Grant K. Anderson. Thus, plaintiff claims that the ED misapplied § 3720A when it offset plaintiff's tax refund to satisfy another individual's debt. Second, this court has previously determined that § 3720A implicitly requires a monetary remedy because "absent a monetary remedy, a litigant has no recourse to recover . . . income tax refunds unlawfully offset." Wagstaff, 105 Fed. Cl. at 122; Kipple, 102 Fed. Cl. at 777 ("The remedy [for an illegal exaction under 31 U.S.C. § 3720A] would be a return of the money.").

Because the court construes plaintiff's complaint to assert a claim for illegal exaction by means of an improper offset, this court has jurisdiction over plaintiff's claim to recover $1,928, the amount of plaintiff's tax refund that was offset to pay the student loan debt.

### III. CONCLUSION

This court lacks jurisdiction over plaintiff's tax refund claim because plaintiff has not fully paid the disputed taxes. Liberally construing plaintiff's pro se pleadings, the Tucker Act, however, confers jurisdiction over a claim against the ED for illegal exaction based on a tax refund offset. Accordingly, for the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

---

[3] This claim can only be brought against the ED because a taxpayer cannot bring a claim against the Treasury based on unlawful offsets. 26 U.S.C. § 6402(g) ("No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review [a tax refund offset]."). Although § 6402(g) "prohibits federal courts from adjudicating a taxpayer's challenge to the Department of Treasury's actions when offsetting a tax refund . . .[,] § 6402(g) . . . preserves the right of taxpayers to bring any 'legal, equitable or administrative action against the Federal agency . . . to which the amount of such reduction was paid' by Treasury." Wagstaff, 105 Fed. Cl. at 112 n.11 (quoting 26 U.S.C. § 6402(g)). Thus, while plaintiff cannot challenge the tax refund offset by bringing a claim against the Treasury, plaintiff can challenge the offset by bringing a claim against the ED because the agency received the offset of plaintiff's tax refund.

By no later than **Monday, September 9, 2013**, defendant shall file an answer to plaintiff's complaint.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge